**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL ANGEL SOLANO RAMOS,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–10382–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Miguel Angel Solano Ramos's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1. Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 7, 2026. (ECF No. 1 ¶ 1.) He has been detained at the Delaney Hall Detention Facility since that time. (*Id.* ¶ 3.)

2. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

3. Respondents submitted a letter on August 17, 2026 stating that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 4.) They state petitioner was arrested on December 6, 1994, for theft of services (intent to obtain transportation without paying) in violation of New York Penal Law § 165.15. (ECF No. 4–1 pp. 4, 5.)

4. I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been

detained under 8 U.S.C. § 1226(a).[1] *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this **20th** day of **August 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **GRANTED**. Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2. Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3. Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4. Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5. Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6. Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7. To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**